IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SALINA R., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1661-M-BN |
| | § | |
| | § | |
| ANDREW SAUL, Commissioner of | § | |
| Social Security, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Salina R.'s counsel Michael T. Kelly has filed a Motion for Award of Attorney Fees under 406(b) of the Social Security Act, seeking an award of attorneys' fees in the amount of $11,845.00 under the Social Security Act, 28 U.S.C. §406(b). *See* Dkt. No. 28. And the Commissioner has filed a response. *See* Dkt. No. 29.

For the reasons explained below, the Court should grant the motion.

### Background

Plaintiff's counsel explains that he

represented Plaintiff, Salina [R.], in the underlying claim for Disability Insurance Benefits under the Social Security Act in this case. This Court entered a Judgment on August 28, 2019 remanding Plaintiff's case to the Commissioner of Social Security (hereafter "Commissioner") for further administrative proceedings. The Commissioner subsequently issued a fully favorable decision finding Plaintiff disabled beginning June 9, 2015. The Court granted an Extension of Time in which to file this motion. The Commissioner later issued award notices outlining the amounts for past-due benefits.
....

-1-

Kelly received notice from the Social Security Administration certifying that the total past due benefits awarded in this case were $87,380.00 for the Plaintiff (*See* Award notice, attached hereto as Exhibit A). Kelly is precluded from seeking, and the court may not approve more than $21,845.00 under 42 U.S.C. § 406(b)(1) for legal services performed on Plaintiff's behalf at the federal court level. Kelly is requesting for a fee of $11,845.00 for federal court services.

Dkt. No. 28 at 1, 2.

## Legal Standards and Analysis

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While Section 406(a) governs the award of attorneys' fees for representing a claimant in administrative proceedings, Section 406(b) governs the award of attorneys' fees for representing a claimant in court. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1)(A); *see also Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800); *accord Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand").

-2-

Contingency fee agreements in Social Security cases are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits. *See Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, Section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

As the United States Court of Appeals for the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, his role resembles that of a "trustee" for the claimant. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). It is the Court's obligation to review whether the fees sought are reasonable.

The reasonableness of attorneys' fees awarded pursuant to a fee-shifting statute is generally determined by using the lodestar method. *See Jeter*, 622 F.3d at 374 n.1. But, noting that Section 406(b) is not a fee-shifting statute, the United States Supreme Court has "explicitly rejected" the use of the lodestar method as the "starting point" in determining the reasonableness of a fee under this statute. *Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give a contingency fee agreement 'primacy,'" although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379.

The Court in *Gisbrecht* acknowledged that, "[i]f the benefits [resulting from a contingency fee agreement] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order [to disallow windfalls for

lawyers]." 535 U.S. at 808. The Fifth Circuit has interpreted this language to mean that courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 379. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381-82 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)).

The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

As to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-cv-56-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011)

(noting that, in the year 2000, only 35 percent of claimants who appealed their case to federal court received benefits), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. Civ. A. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012). And Mr. Kelly explains that "Plaintiff's individual case also had a substantial risk of loss, as reflected in the fact that the case had already been denied at four levels of agency review prior to the initiation of the civil action." Dkt. No. 28 at 12.

As to the other factors, Mr. Kelly further explains that his

requested fee of $11,845.00 represents 13.55% percent of past-due benefits, and is reasonable given that Plaintiff recouped $87,380.00 in wrongfully-denied past-due benefits. By way of comparison, a typical contingent fee is one-third of the recovery. Also by way of comparison, a contingent-fee outside of the Social Security context is typically for the past and future value of the case. Here, by statute the attorney fee comes solely from past-due Title II benefits. 42 U.S.C. § 406(b)(1). Because Plaintiff will receive not only past-due benefits wrongly denied but also ongoing Title II benefits until he or she dies, reaches retirement age, or becomes no longer disabled, the value to the Plaintiff of this civil action is not limited to the past-due benefits he or she receives. Nor, in computing the amount of the 42 U.S.C. § 406(b) fee is the value of health care benefits attendant to the Title II benefits included. Thus, the value of this case to Plaintiff is much more than the past-due benefits received. ….

Plaintiff's attorneys devoted considerable time and careful attention to Plaintiff's case. As shown in the attached record of hours expended, Plaintiff's attorneys spent a total of 24.55 hours on the civil litigation.

Plaintiff's attorney acknowledges that the de facto hourly rate for the requested fee would be approximately between $421.53 per hour (actual time spent) and $482.48 per hour (requested time). Given the benefits obtained – $87,380.00 – and the 42 U.S.C. § 406(b) fee requested – $11,845.00 is not presumptively unreasonable.

> The effectiveness of the Plaintiff's counsel is reflected in the thorough opening brief outlining a number of errors committed by the Commissioner.

*Id.* at 8-9, 11 (citations omitted).

In response to the motion, the Commissioner explains that he "takes no legal position as to the appropriateness or reasonableness of Counsel's request, because he is not the true party in interest," but "that Mr. Kelly's requested fee does not appear to be unreasonable":

> Pursuant to the Equal Access to Justice Act (EAJA), the Court awarded $4,996.30 in attorney fees, costs, and expenses by order of this Court dated December 10, 2019. *See* Docket Item 27. Based on the 24.55 hours of court-related representation claimed in Plaintiff's EAJA petition, the requested § 406(b) award of $11,845.00 represents an hourly rate of $482.48. The Commissioner submits that this amount is not excessive on its face when considered as a lodestar.

Dkt. No. 29 at 1, 4.

The undersigned agrees that, for the reasons that Mr. Kelly explains, the resulting hourly rate is reasonable under the circumstances of this case. And Mr. Kelly provided effective and efficient representation, expending almost 25 hours to reach a favorable result. Given the lack of success at the administrative level, counsel's success appears to be attributable to his own work. Finally, while not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25% fee. *See Jeter*, 622 F.3d at 381-82; *Hartz*, 2012 WL 4471846, at *6.

After weighing the relevant factors, the Court should find that the requested award in the amount of $11,845.00 is reasonable under the circumstances of this case and should be awarded under Section 406(b).

Plaintiff was previously awarded attorneys' fees under the EAJA. *See* Dkt. No. 27. Given the overlap between the EAJA and Section 406(b) of the Social Security Act, "Congress harmonized fees payable by the Government under" these statutes by requiring that the attorney "refund to [Plaintiff] the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted); *Rice v. Astrue*, 609 F.3d 831,837-39 (5th Cir. 2010). Here, Mr. Kelly represents that, if he is awarded fees under Section 406(b), he "will, of course, promptly refund the amount of the lesser fee for the same services to Plaintiff as the law requires." Dkt. No. 28 at 12.

## Conclusion

The Court should grant Plaintiff Salina R.'s counsel Michael T. Kelly's Motion for Award of Attorney Fees under 406(b) of the Social Security Act [Dkt. No. 28] and award Mr. Kelly $11,845.00 in attorneys' fees to be certified for payment out of Plaintiff Salina R.'s past-due benefits under 42 U.S.C. § 406(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: October 6, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE